## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**LEONARD W. NAJACQUE,**

      Plaintiff,

v.                                      Civil Action No. **3:23CV880 (RCY)**

**TREVOR D. ANDERSON,**

      Defendant.

### MEMORANDUM OPINION

Leonard W. NaJacque, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]  The matter is before the Court for evaluation of the Complaint (ECF No. 1)[2] pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  For the reasons set forth below, the action will be DISMISSED for failure to state a claim and because it is legally frivolous.

### I.      PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A.  The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless."  *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992)

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The Court has also reviewed two letters filed in this action and they do not change the analysis or the Court's conclusions that NaJacque's claims lack merit.

(quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

 "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556).  For a claim or complaint

to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his] claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   ALLEGATIONS

NaJacque has "been in jail over 34 months" for various charges related to offenses against children in Hampton, Virginia and in Suffolk, Virginia. (ECF No. 1, at 2, 4–10.) Defendant Trevor D. Anderson appears to have been NaJacque's defense attorney on some of the charges. (*Id.* at 2.) NaJacque faults Defendant Anderson who he hired to represent him in jury trial in Hampton Circuit Court on June 21, 2022, whereafter on June 24, 2022, Anderson allegedly "sold [NaJacque] back to public defender trial [sic] done in Suffolk [on] 8/19/22." (*Id.*) NaJacque seeks monetary damages. (*Id.* at 3.)

## III.   ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of NaJacque's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). NaJacque's Particularized Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous and malicious.

NaJacque faults Defendant Anderson, his defense attorney in his criminal case in Hampton, Virginia, for various perceived errors in his criminal proceedings.  In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States.  *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983).  Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings*.  See, e.g*., *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.");  *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients).  Therefore, NaJacque's claims against Defendant Anderson will be DISMISSED as frivolous and for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

For the foregoing reasons, NaJacque's claims and the action will be DISMISSED WITH PREJUDICE for failure to state a claim and as legally frivolous.  The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

_____
/s/
Roderick C. Young
United States District Judge

Date:   June 4, 2024
Richmond, Virginia